Michael **BOGGS** and Madeline Fay Sizemore, individually and on behalf of all others similarly situated, Plaintiffs,

v.

Clayton **YEUTTER**, Secretary of the U.S. Department of Agriculture; Taunja Willis Miller, Secretary of the West Virginia Department of Health and Human Services; and Phyllis Carter, Commissioner of the Division of Human Services, Defendants.

Civ. A. No. 2:89–0853.

United States District Court, S.D. West Virginia, Charleston Division.

Aug. 7, 1989.

---

Bruce G. Perrone, Legal Aid Soc. of Charleston, and John C. Purbaugh, W.Va. Legal Services Plan, Inc., Charleston, W.Va., for plaintiffs.

Don Hall, Asst. Atty. Gen., and Michael W. Carey, U.S. Atty., and Kurt Entsminger, Asst. U.S. Atty., Charleston, W.Va., for defendants.

## MEMORANDUM OPINION

DENNIS R. KNAPP, District Judge.

This matter comes before the Court on the motion for summary judgment filed by defendant, Clayton Yeutter, Secretary of the United States Department of Agriculture (Secretary). On July 14, 1989, this Court entered a Temporary Restraining Order prohibiting the defendants from implementing the Secretary's decision to include the West Virginia clothing voucher as income for the purpose of determining food stamp eligibility. By agreement of the parties, the Temporary Restraining Order remains in effect until August 7, 1989.

Plaintiffs, Michael Boggs and Madeline Fay Sizemore, individually, and on behalf of all others similarly situated (Boggs), filed suit on July 11, 1989, seeking declaratory and injunctive relief. The parties have agreed to forego injunctive relief and have the Court decide the matter on the merits. There are no genuine issues of material facts. There is a single issue, the resolution of which is dispositive of this case. The issue is whether the Secretary's decision to include as income the West Virginia clothing voucher is authorized by the statute and the regulations under which he purported to act.

The clothing vouchers to be issued in August are for $100.00 and are in addition to a qualifying family's regular monthly cash assistance under the Aid to Families for Dependent Children (AFDC) program. The vouchers originate from discretionary funds of the State. The funds used for the vouchers are not subject to state statutory definition, state regulatory obligation, or state legislative authorization. The State can use the funds in any manner it chooses. Although the State has issued the vouchers since 1974, it is under no legal obligation to issue such vouchers.

In determining whether the Secretary correctly included the vouchers as income for purposes of determining food stamp eligibility, the standard of review is the same as the judicial review of an agency's decision. The Secretary's decision "can neither be arbitrary, nor capricious, nor an abuse of discretion, nor otherwise contrary to law." *Blinzinger v. Lyng*, 834 F.2d 618, 621 (7th Cir.1987) (citations omitted). The standard of review is narrow. If, however, the decision is found to be not in accordance with the law, the decision cannot be upheld and will be deemed unlawful.

The Food Stamp Act of 1977, as amended by the Food Security Act of 1985, 7 U.S.C. § 2014(d), defines household income as "all income from whatever source excluding only (1) any gain or benefit which is not in the form of money payable directly to a household, except as provided in subsection (k) of this section, ...." Vendor payments, such as the West Virginia clothing voucher, are, therefore, excluded from income, subject to any limiting language in subsection (k). Subsection (k) provides:

(k) *Assistance to third parties included; educational benefits; exceptions*

(1) For purposes of subsection (d)(1), except as provided in paragraph (2), assistance provided to a third party on behalf of a household by a State or local government *shall be considered* money payable directly to the household *if* the assistance is *provided in lieu of—*

    (A) a regular benefit payable to the household for living expenses under a State plan for aid to families with dependent children [AFDC] approved under part A of Title IV of the Social Security Act (42 U.S.C. 601 et seq.); or

    (B) a benefit payable to the household for living expenses under—

    (i) a State or local general assistance program; or

    (ii) another basic assistance program comparable to general assistance (as determined by the Secretary).

7 U.S.C. § 2014(k)(1)(A) and (B). (Emphasis supplied).

The defendant Yeutter incorrectly states that unless the Secretary, by regulations, has specifically excluded a third party payment from income, it shall be included in income. See Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment, p. 34. Such an interpretation of the statutory language by the Secretary is contrary to law. The language in § 2014(d) specifically excludes vendor payments from income unless otherwise stated in subsection (k). The limiting language in subsection (k) applies to vendor payments *only* if they are provided in *lieu* of a regular benefit under the AFDC plan, or a state, local or basic assistance program.

The clothing vouchers are a special needs item and are not in lieu of the regular AFDC clothing benefit payment. Therefore, the clothing vouchers do not fall within the limiting language of § 2014(k)(1)(A). Subsection (k)(1)(B) provides that only vendor payments provided in *lieu* of a benefit payable to the household under a state, local or basic assistance program will be included as income. Defendant cites *Blinzinger*, supra, in support of its position

that the West Virginia clothing voucher should be included in income. *Blinzinger*, however, is distinguishable from the case at bar in that the Indiana poor relief program was a formalized, administered assistance program with state-wide guidelines. Under the Indiana program, a qualified recipient would have had the legal right to require the state to provide such assistance. In the instant case, there is no such formalized program with state-wide guidelines under which a qualified recipient may require the issuance of the vouchers.

Therefore, the Court finds that the West Virginia clothing vouchers do not fall within § 2014(k)(1)(B) and should be excluded from income pursuant to 7 U.S.C. § 2014(d). The Court further finds that the Secretary's decision to include the vouchers as income is contrary to law and is invalid. Accordingly, the defendant's motion for summary judgment is denied and judgment will be entered accordingly.